UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-

YOIL WEINGARTEN,

           Defendant.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/7/2022__

S3 19 Cr. 497 (NSR)
(07)

ORDER

NELSON S. ROMÁN, United States District Judge:

On November 2, 2022, Defendant Yoil Weingarten (07) orally requested approval for the use of CJA funds to purchase a laptop he can use to prepare his defense while detained at Westchester County Jail ("the Facility").[1] Defendant's request states that without the laptop he will be unable to write in English, conduct research, review discovery, or otherwise prepare his respective defense in an effective and timely manner. The Court GRANTS the application as follows:

1. Standby Counsel for Defendant is authorized to procure with CJA funds, a laptop computer or similar device (hereinafter, "Electronic Device") for Defendant **so that *pro se* Defendant can prepare his own defense**. The Court also authorizes the use of CJA funds for necessary hard drives, software programs, charging cables, or adapters.

2. Standby Counsel shall coordinate with the Facility to ascertain from the Facility what it will permit, to ensure that any Electronic Device procured for Defendant is acceptable to the

---

[1] The motion for CJA funding to purchase the laptop was made at Defendant's initial appearance when Defendant was still represented by counsel. At that initial appearance, the Court directed counsel Sean M. Maher to submit a proposed laptop order to the Court. The Court subsequently granted Defendant's request to proceed *pro se* and appointed Sean M. Maher as Standby Counsel for Defendant.

1

Facility, to confirm who at the Facility will accept delivery of such Electronic Device, to confirm when Defendant will have access to his Electronic Device, and to confirm where the Electronic Device will be stored when not in use. Standby Counsel shall also ensure that any Electronic Device procured for Defendant is compatible with any external drives upon which discovery has been or will be exchanged.

    3.  Once Standby Counsel has procured the Electronic Device for the Defendant, and prior to sending said Electronic Device to the Facility, Standby Counsel shall confirm that the wireless and printing capabilities are configured in a manner acceptable to the Facility and that necessary software is installed and functional for word processing, Hebrew/Yiddish to English translation, and reviewing discovery materials. If the Facility indicates that access to the internet is not possible or only possible on a limited basis, Standby Counsel shall determine whether an inexpensive translation software program can be installed on Defendant's Electronic Device that can be used without internet access and, if so, preload the Electronic Device with said program. Standby Counsel shall also create a password protected administrative account for each Electronic Device that is separate from the Defendant's password protected user account to prevent any user from making changes to the Electronic Device. Only Standby Counsel shall have access to administrative accounts.

    4.  Before the Electronic Device is sent to the Facility, it shall be clearly marked with the name, ID number, and Marshal's registration number of Defendant.

    5.  **Defendant can access and use his Electronic Device on a temporary basis and at times approved by Facility personnel for the sole purpose of preparing his own defense in this matter.** The Electronic Device may not be used for any other purpose, including, but not limited to, personal correspondence. Use of the Electronic Device must take place in the

Defendant's unit or a location where, to the extent possible, the Defendant is not disrupted. After Defendant is finished using his Electronic Device for the day, Defendant shall return the Electronic Device to the designated Officer for safekeeping.

6. Because of the volume of discovery and the complexity of this matter, the Court requests that Defendant be afforded the ability to use his Electronic Device as much as possible, but no less than several hours each day, to the extent consistent with the Facility's requirements. The Court also requests that, especially if Defendant is not able to access the internet on his Electronic Device, Defendant continues to have access to legal research tools in the Law Library and that, as needed, Defendant be permitted to print from his Electronic Device directly or by using a flash drive to transfer documents to a computer from which he can print.

7. This Court will revisit this Order and Defendant's access to his Electronic Device if it appears that he is not abiding by this Order.

8. No later than the conclusion of the proceedings against Defendant in District Court, whether through dismissal of the charges or sentencing, Defendant shall return his Electronic Device to his Standby Counsel, who will promptly provide the Electronic Device to the Administrative Office of the U.S. Courts.

**The Court reiterates that each Defendant in this case whose request to represent himself has been approved, including Yoil Weingarten, represents himself and only himself. Each *pro se* Defendant must communicate with the Court (whether in writing or orally) on his own behalf and may not purport to represent any other Defendant.**

The Court finally DIRECTS Standby Counsel to serve a copy of this order to Defendant by any necessary means and to file proof of service on the docket.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 769.

Dated: November 7, 2022      SO ORDERED:
       White Plains, NY

_____
NELSON S. ROMÁN
United States District Judge