**Memorandum Endorsement**
*United States v. Shmiel Weingarten*
19 Cr. 497-06 (NSR)
*United States v. Yoil Weingarten*
19 Cr. 497-07 (NSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/2023

MEMO ENDORSED

*Pro se* Defendants Shmiel Weingarten and Yoil Weingarten have submitted the attached letter motions requesting an adjournment of the pre-trial motions schedule established on March 10, 2023, for reasons pertaining to difficulties reviewing voluminous discovery. (ECF Nos. 847 and 853.)

In light of these requests, *pro se* Defendants Shmiel Weingarten, Yoil Weingarten, and Yakov Weingarten are granted leave to file their motions in accordance with the following revised, extended motions schedule:

- Moving papers shall be filed on July 10, 2023;
- Opposition papers shall be filed on August 7, 2023; and
- Reply papers shall be filed on August 23, 2023.

The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are filed. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are filed per this Court's local emergency civil rules. Memorandums are limited to 40 pages per each Defendant and the Government. Reply memorandums are limited to 20 pages per each Defendant and the Government. All documents must be in English. Stand-by counsel are directed to provide a copy of this Order to *pro se* Defendants by any necessary means and file proof of service on the docket. Additionally, stand-by counsel are reminded to assist Defendants with any printing and filing issues as they arise.

The next in-person Status Conference remains scheduled for September 7, 2023 at 11:00 am. Finally, the Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 847 and 853.

Dated: May 22, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

May 16, 2023

**VIA ECF (by standby counsel)**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:  *United States v. Yoil Weingarten*, 19 Cr. 497-07 (NSR)

Dear Judge Román:

      I write to request that the deadline to file defense motions be adjourned until September 7, 2023, which is the date of the next Court conference.

      I simply am unable to complete motions by the current deadline of May 25, 2023. I received access to a hard drive with discovery about a month ago. Since then, I have been doing my best to review the discovery as quickly as I can, however I still have a substantial amount of discovery to review. I need more time to review the discovery before deciding what motions to file and then time to actually draft the motions. I also am still waiting for my laptop to be sent to the jail so that I can use it to prepare my motions.

      There will be no prejudice to the government by adjourning the motions schedule until September. Trial has been set for February 27, 2024. Should the Court grant the motions adjournment, all motions, responses, and replies will be submitted to the Court before November 2023, leaving several months before trial for the Court to conduct any hearings, if necessary, and to rule on the motions.

      For the Court's convenience, I have asked my standby counsel to type my instant letter motion and submit it via ECF instead of mailing a hand-written letter motion to the Court.

      Respectfully submitted,

      \_\_\_\_/S/_____
      Yoil Weingarten
      10 Woods Road
      Valhalla, NY 10595

May 16, 2023

Renewed Motion to Suspend Motions Briefing Schedule

Or in the alternative to extend briefing deadline

(the undersigned has sent a handwritten version of this motion by mail to standby counsel on April 30, 2023 to be filed on the docket, however on May 15, 2023 standby counsel informed that he did not receive it. As such, the undersigned has dictated the motion over the phone, so standby counsel could file the motion as soon as possible. Any errors should be disregarded)

Hon. Judge Roman,

The undersigned has filed a motion to suspend the motion briefing schedule until discussed again at the following status conference in September 2023; the Court denied the motion without prejudice. The court has instructed the undersigned to consult with standby counsel regarding discovery review, and ordered standby counsel to review the discovery as well, and be ready to step in as counsel if it becomes necessary.

This is a renewed motion for the same relief. It is not necessary to burden the Court and set forth again all the details regarding the great volume of the discovery in this case and why I could not finish even a superficial reading before the motion deadline of May 25, 2023. Instead, I notify to the Honorable Court that I did consult with standby counsel as the Court has ordered, standby counsel stated that he does review the discovery as per the Court's order. That standby counsel reviews the discovery as well does not change too much the situation, since as I am currently acting as counsel of record, and I am the one supposed to draft the motions, not standby counsel, therefore I should have the opportunity to review the discovery myself.

After doing great efforts, I estimate that I have gone through as much as 35% of the voluminous discovery. I could not see, however, how I could meet the irrational deadline of May 25, 2013. Therefore I renew the request to suspend the motion briefing schedule until discussed again at the next status conference. Or in alternative, to adjourn the due date for moving papers and set it for the same date of the next status conference in September.

The Honorable Court previously granted for the attorneys of the other defendants in this case six adjournment requests for a total of 9 months, all because of discovery reviewing issues (See ECF no. 67-68, 75, 82, 87, 101, 130). Is there a reason why the Court denies even a single similar relief for the pro se defendants? Is there a reason why the undersigned, a pro se defendant, is required to file motions 9 months before the trial while commonly motions are filed only one or two months before trial? I implore that the court should not deny this most needed relief.

With hope that the Honorable Court will order the appropriate relief required in the interest of justice,

Sincerely,

Shmiel Weingarten

April 30, 2023

Renewed motion to suspend briefing schedule or in alternative to extend briefing deadline

Hon. Judge Roman,

The undersigned has filed a motion to suspend the motion briefing schedule until the upcoming status conference in September 2023; the Court denied the motion without prejudice. The court instructed the undersigned to confer with standby counsel regarding discovery review, and ordered standby counsel to review the discovery as well and be ready to step in as counsel if it becomes necessary.

This is a renewed motion for the same relief. It is not necessary to burden the Court and set forth again all the details regarding the great volume of the discovery and why I could not finish even a superficial review before the motion deadline of May 25, 2023. Instead, I write here to notify the Court that I did confer with standby counsel, as the Honorable Court ordered, standby counsel confirmed that he does also review the discovery as per the Court's order, that however did not change too much the situation. Since I am currently acting as counsel of record and I am

the one supposed to draft the motions and not standby counsel, therefore I should have the opportunity to review the discovery myself.

After doing great efforts, I estimate that I have gone through as much as 35% of the voluminous discovery. I could not see, however, how I could meet the irrational deadline of May 25, 2023. Therefore I renew the request to suspend the motion briefing schedule until discussed again at the next status conference. Or in alternative, to adjourn the deadline and set it for September 2023

For the attorneys of the co-defendants in this case, the Court previously granted six adjournment requests for a total of nine months, all because of discovery reviewing issues. (See ECF no. 67-68, 75, 82, 87, 101, 130). Is there a reason why the Court denies even a single similar request and relief for the pro se defendants? Is there a reason why the undersigned, a pro se defendant, is required to file motions nine months before trial while commonly motions are filed one or two months before trial? I implore that the court should not deny this most needed relief.

With hope that the Honorable Court will order the appropriate relief required in the interest of justice. Sincerely
Shmiel Weingarten  /S. W[signature]