USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/17/2023__

**Memorandum Endorsement**

*USA v. Yoil Weingarten*
7:19-cr-497-NSR-7

The Court has reviewed Defendant Yoil Weingarten's ("Defendant") attached
letter motion for what the Court construes as a request for an extension of time to file
pretrial motions (ECF No. 859), as well as the Government's response (ECF No. 864). The
Court GRANTS Defendant's request, in light of the delay he experienced in receiving a
laptop for use in drafting pretrial motions.

The briefing schedule that the Court set on March 22, 2023 (ECF No. 854) is hereby
amended as follows as to Yoil Weingarten ONLY:

- Moving papers shall be filed on September 30, 2023;
- Opposition papers shall be filed on October 30, 2023; and
- Reply papers shall be filed on November 13, 2023.

The parties are directed to provide Chambers with two physical courtesy copies of their
motion papers on the same date they are filed. The parties are further directed to provide the
Court with an electronic courtesy copy of the motion papers as they are filed per this Court's
local emergency civil rules. Memorandums are limited to 40 pages per each Defendant and
the Government. Reply memorandums are limited to 20 pages per each Defendant and the
Government. All documents must be in English. Stand-by counsel are directed to provide a
copy of this Order to pro se Defendants by any necessary means and file proof of service on
the docket. Additionally, stand-by counsel are reminded to assist Defendants with any
printing and filing issues as they arise. The next in-person Status Conference remains
scheduled for September 7, 2023 at 11:00 am.

Finally, the Clerk of the Court is kindly directed to terminate the motion at ECF No. 859.

Dated: July 17, 2023
          White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

July 9, 2023

Re: Motions

(Dictated over phone)

Hon. Judge Roman,

The undersigned previously sought an extension on the deadline to file motions (ECF no. 847) and the Government agreed to a date in September 2023 (ECF no. 851). Still, for unknown reasons, the Court set the deadline for July 10, 2023. That's despite the fact that trial is still eight months ahead. That's also despite of the defendants' detailed explanation on the volume of the discovery and why there is no possibility to complete even a superficial review of the discovery before September (see ECF nos. 838, 853). Only three weeks ago, the undersigned received the laptop loaded with the discovery. This unrealistic deadline of July 10, left no opportunity to review the voluminous discovery and definitely no opportunity to draft motions.

Moreover, at hearings, the defendants repeatedly asked the Court to solve the issues the defendants have with drafting and printing motions. The defendants asked for an opportunity to discuss the issues of motions at the next status conference in September before a deadline is scheduled. The Court, however, refuses to listen, and instead leaves the defendants helpless between the prosecution team and the jail administration; in addition, the Court unreasonably threatens the defendants with revocation of their pro se status.

The Court refuses to defend and enforce its order of May 10, 2022 (ECF no. 624) which directed the jail administration to provide limited internet, translation software, and printing capabilities on the defendants' computers. The Court allowed the Government to ensure that the defendants receive computers that are nothing more than a brick. On the computers the defendants received, all input and output ports are disabled, all internet hardware and software are removed, and no functioning translation software is installed. The defendants have no way how to read the multi-language discovery, nor a way how to draft motions, let alone to print them.

The defendants requested an order allowing standby counsels to bring a USB flash drive to the legal visits at the jail and retrieve motions from the defendants' computers; the Court denied the request because the USB ports on the defendants' computers are anyways disabled (ECF no. 826). As such, not only is the date in July unrealistic, but even a date in September is unhelpful so long the Court continues to ignore the defendants' difficulties and refuses to enforce its own orders.

With the previous co-defendants, the same practice occurred. The Court first issued orders directing standby counsels and the jail to arrange all necessary accommodations for discovery review and motion drafting (ECF nos. 205, 218), but then refused to enforce the orders and ignored their requests for help (ECF no. 235, 237, 238, 306, 307, 339 and transcript of status

conference on 9/13/2021). This left the co-defendants with no way how to file motions. The next step the Court took was to revoke their pro se status for frivolous reasons. Noticeably, the same practice repeats itself with the undersigned and the other co-defendants Yakev and Shmiel. The undersigned has no opportunity to review discovery and file motions, no opportunity of time and no opportunity of means; the only remaining step no taken yet, but hinted already numerous times by the Court, is to revoke the pro se status (although no reason—even a slight one—exists to warrant a revocation).

Given all the above, the undersigned has no opportunity to file pretrial motions. Still, the undersigned does not waive his right to raise the proper arguments when time and opportunity will become available. Numerous arguments exists, since the entire indictment is flawed and unconstitutional; however, no realistic opportunity arrived yet to raise them.  Further extensions without enforcing the May 2022 order would not be helpful. Nevertheless, for the meantime, the undersigned adopts all arguments (only the arguments, not the declaration of facts) advanced by the previous co-defendants and their attorneys, including but not limited to ECF nos. 123, 133, 190, 191, 339, 353, 431, and 544.

Finally, justice requires that the Court recuse from this case and submit it to an impartial judge. Because of the same limitations imposed, the undersigned has no opportunity to provide a detailed description of the bias and prejudice, nor the ability to cite relevant case law. What is sure however, among others, that the Court expressed bias against the co-defendants' pro se motions (see, e.g., transcript of status conference on July 24, 2020); that the Court seeks to revoke the defendants' pro se status for no reason (and did so for the previous co-defendants); that the Court is bias against the defendants' community, Lev Tahor, because of being previously involved in the prosecution of its late rabbi (See ECF 339); and most importantly, that the Court continues its practice to fully support the Government's agenda to deprive the defendants in this case from any possibility to file motions or prepare to trial.

Respectfully submitted,

Yoil Weingarten



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

July 14, 2023

**BY ECF**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:   *United States v. Yoil Weingarten*, S3 19 Cr. 497 (NSR)

Dear Judge Román:

Pursuant to the Court's order dated July 10, 2023, the Government respectfully writes in response to defendant Yoil Weingarten's (the "defendant") letter dated the same date (the "Letter"). The Letter does not request any relief; however, it raises the following issues that merit response: (1) the Letter "adopts all arguments . . . advanced by the previous co-defendants and their attorneys"; (2) the Letter states that the defendant "does not waive his right to raise the proper arguments when time and opportunity become available"; (3) the Letter raises concerns about resources available to the *pro se* defendant, and; (4) the Letter states that "justice requires that the Court recuse from this case." The Government will briefly address each issue.

First, regarding pretrial motions, to the extent that defendant Yoil Weingarten seeks to adopt the arguments made in the pretrial motions of his co-defendants and their attorneys (*see e.g.,* Dkt. Nos 123, 133, 190, 191, 339, 431), those motions have already been ruled upon by the Court. The Court's rulings on these prior motions to dismiss and motion to disqualify, to the extent applicable to the defendant and his remaining co-defendants, should control as to these defendants as well. The defendant also appears to seek to adopt certain motions *in limine* filed by his co-defendants (*see* Letter at 2 and Dkt. Nos. 353, 544). That request is premature. Accordingly, the Government does not intend to respond substantively to any motions previously filed nor is it the Government's view that the Court needs to rule again on those issues.

Second, the Letter stated that the defendant does "not waive his right to raise the proper arguments when time and opportunity become available." To the extent that the defendant later raises arguments to the Court, the Government will respond accordingly, and if appropriate, the Government may object based on untimeliness. *See, e.g., United States v. Moore*, 541 F. App'x 37, 39 (2d Cir. 2013) (affirming district court's "decision not to entertain" suppression motion filed eight months after the court's deadline but before trial, citing Federal Rule of Criminal Procedure 12); *United States v. Kopp*, 562 F.3d 141, 143 (2d Cir. 2009) (citing Rule 12, and stating that "[a] party waives its ability to move to suppress evidence if it fails to do so by the pre-trial deadline set by the court, except that the district court may grant relief from that waiver '[f]or good cause' ");

*United States v. Howard*, 998 F.2d 42, 51–52 (2d Cir. 1993) (affirming district court's denial of leave to file late suppression motion under Rule 12, where defendant sought leave thirty-nine days after the pre-trial motions deadline and did not demonstrate good cause).

      Third, the defendant reiterates previously raised concerns about the resources available to him as a detained *pro se* defendant.  The defendant does not request any relief and addresses issues already litigated before the Court on several occasions.  The Court need not readdress these issues.  Moreover, the defendant has been on notice of the inherent restrictions on preparing a defense as a detained individual.  In fact, during remarks just prior to the defendant's *Faretta* hearing (which occurred after the Court issued its May 2022 order referred to the Letter), the Court stressed the limited resources available to the defendant while incarcerated and the Court's inability to mandate things that are contrary to the Bureau of Prisons' policies.  At the proceeding, the Court stated as follows:

> But I want to make it clear that the internet access has to be in conformity with that which is – you know, the procedures that are set up at the facility.  I have no control over that.  There will be considerable limitations.  And [the defendant's] not going to be in a position, should I grant his application, to have unfettered access to the internet.  Whatever the facility permits, that's what's going to be available to him . . . because I'm not even sure if they were allowed to do word processing, or there was a word processing program but the printing was limited and so forth . . . So I don't want there to be any misunderstanding that, by virtue of your client obtaining pro se status, should I grant that application, that he's not going to—that he's going to have unfettered discretion to use the laptop in ways that he may otherwise be using it were he not detained.  There's a lot of restrictions . . . Some may deem them somewhat extreme limitations.  But that's what we're dealing with.

*See* Transcript of November 2, 2022 hearing at 8.  Given these warnings, there can be no doubt that the defendant has been aware that his ability to prepare a defense would be impacted by the restrictions inherent in being incarcerated.

Finally, the Letter rehashes a request that the Court recuse itself from the case.  The defendant's co-defendants have previously moved for the Court's recusal and the Court denied these requests on September 13, 2021 and May 19, 2022.  (Dkt. Nos. 347, 637).  The Court should not revisit those rulings as the defendant has presented no new facts or law to the Court.  Moreover, allegations of recusal "are insufficient if they merely state conclusions, rumors, beliefs and opinions.  Recusal is not warranted for remote, contingent or speculative reasons." *Bin-Wahad*, 853 F. Supp. at 683, 695 (holding that "affidavit must show a true personal bias and allege specific facts as opposed to mere conclusions and generalizations").  To the extent that the Court considers the Letter to include a motion for the Court's recusal, the Court should deny that motion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     /s/
        Samuel Adelsberg
        Jamie Bagliebter
        Jim Ligtenberg
        Assistant United States Attorneys
        (212) 637-2494 / 2236 / 2665

cc:     Standby Counsel (by ECF)
        Yoil Weingarten (by mail)